IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SAMMY L. GIBBS,
    Petitioner,

vs.                            Case No.  5:06cv131/MCR/MD

JAMES R. MCDONOUGH,
    Respondent.

---

ORDER and
<u>REPORT AND RECOMMENDATION</u>

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition was filed on June 22, 2006. Respondent has filed a motion to dismiss the petition as an unauthorized second or successive petition. (Doc. 15). Petitioner has responded by filing a motion to stay proceedings. (Doc. 18). For the reasons that follow, the undersigned concludes that petitioner's motion should be denied and this action dismissed.

    In this habeas action, petitioner challenges his conviction of robbery with a deadly weapon and first degree murder entered in the Circuit Court of Calhoun County, Florida on February 27, 1987. Petitioner was sentenced to life imprisonment. (Doc. 1; doc. 15, exs. B & C). Petitioner admits on the petition form that he previously filed a § 2254 petition in federal court regarding the validity of his state court confinement; that habeas relief was denied, and that his appeal was unsuccessful. (Doc. 1, p. 3).

    Title 28 U.S.C. § 2244(b)(3)(A) provides:  "<u>Before</u> a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added); *see* Rule 9, Rules Governing Section

2254 Cases (2005); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997).  The court takes judicial notice of its own records in *Gibbs v. Singletary*, Case Number 1:95cv10018/MMP/WCS.  There, petitioner filed a habeas corpus petition under 28 U.S.C. § 2254 challenging the same conviction.  The petition was denied with prejudice.  (Doc. 15, exs. I & K; *see also* Case No. 1:95cv10018, docs. 18, 22 & 23).  Petitioner appealed.  On October 15, 1997 the Eleventh Circuit Court of Appeals denied petitioner's motion for certificate of probable cause, and dismissed his appeal.  (Doc. 15, ex. M; *see also* Case No. 1:95cv10018, doc. 32).  Thereafter, on September 28, 1998 petitioner filed another § 2254 petition in this court challenging the same conviction.  *See Gibbs v. Singletary*, Case Number 4:98cv332/RH/WCS.  On January 12, 1999 the petition was dismissed with prejudice as untimely.  (*Id.*, docs. 2, 4 & 5).  Petitioner appealed.  (*Id.*, doc. 6).  On or about August 20, 1999 the Eleventh Circuit denied petitioner's motion for certificate of appealability, and dismissed the appeal.  (*Id.*, doc. 15).

In response to the motion to dismiss filed in the instant case, petitioner has filed a motion for stay, stating that he "concede[s] the State is correct that leave was never granted by the Eleventh Circuit Court of Appeals.  Petitioner is seeking to correct this error in the proceeding."  (Doc. 18, p. 1).  Petitioner explains that since filing the instant § 2254 petition, he has submitted an application to the Eleventh Circuit for leave to file a second or successive habeas petition.  (*Id.*).  Attached to petitioner's motion for stay is a copy of the application, indicating that it was filed on December 1, 2006.  (*Id.*, Attach.).

The instant petition is second or successive, and it is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals in order to file this petition.  This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition.  *See Hubbard v. Campbell*, 379 F.3d 1245 (11th Cir.), *cert. denied*, 542 U.S. 958, 125 S.Ct. 15, 159 L.Ed.2d 846 (2004) (district court lacked subject matter jurisdiction to consider amended § 2254 petition, where petitioner failed to obtain authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2254

petition); *Fugate v. Dep't of Corrections*, 310 F.3d 1287, 1288 (11th Cir. 2002) (same). As petitioner did not have the requisite permission at the time of filing his petition, a stay or extension should not be granted, and this case should be dismissed without prejudice to allow petitioner the opportunity to obtain such authorization before filing a petition in this court.

Accordingly, it is ORDERED:

1.  Respondent's motion to dismiss (doc. 15) is GRANTED.

2.  Petitioner's motion to stay proceedings (doc. 18) is DENIED.

And it is respectfully RECOMMENDED:

That this § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE, and the clerk be directed to close the file.

At Pensacola, Florida this 22nd day of December, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).